10-3798-pr
Makas v. Miraglia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

PRESENT:
> JOHN M. WALKER, Jr.,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges.*

———————————————————————————————————

Timothy Makas,
> *Plaintiff-Appellant,*

-v.-                                                                              10-3798-pr

Richard Miraglia, Commissioner, OMH, *et al.*,
> *Defendants-Appellees*,

Mr. Woode, Psychiatric doctor, MHPC,
> *Defendant*.

———————————————————————————————————

FOR APPELLANT:         Timothy Makas, *pro se*, Albany, N.Y.

FOR APPELLEES:         Eric T. Schneiderman, Attorney General of the State of
                       New York, Barbara D. Underwood, Solicitor General,
                       Michael S. Belohlavek, Senior Counsel, Robert C. Weiss,
                       Assistant Solicitor General of Counsel, New York, N.Y.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Timothy Makas, *pro se*, appeals from the August 20, 2010 judgment of the United States District Court for the Southern District of New York (Mass, *M.J.*) granting the defendants summary judgment. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The Court is required to resolve all ambiguities and draw all inferences in favor of the nonmovant. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). "The inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Id.* (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After having reviewed the appellant's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the magistrate judge in his thorough opinion. As to the appellant's argument that the blood tests at issue were unreasonable because he was not informed of the purposes of the tests at the time his blood was drawn, Fourth Amendment reasonableness is analyzed from the perspective of the state actor, not

the plaintiff. *Cf. Graham v. Connor*, 490 U.S. 386, 396 (1989) (in excessive force case, holding that the "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight"); *Anthony v. City of New York*, 339 F.3d 129, 142 (2d Cir. 2003) (finding that plaintiff's confinement was not unconstitutional because "the hospital staff had reasonable grounds to believe that she was a danger to herself or to others").

We have considered all of the appellant's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk